UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 97-1106
(CA-96-430-BR)

---

Bandag, Incorporated,

                              Plaintiff - Appellee,

        versus

Local 922, United Steelworkers of America,
et al,

                              Defendants - Appellants.

---

O R D E R

---

        The Court amends its opinion filed August 5, 1997, as follows:

        On the cover sheet, section 4 -- the decided date for this
case is August 5, 1997.  PLEASE NOTE: the electronic version of
this opinion is correct.

                              For the Court - By Direction

                              /s/ Patricia S. Connor
                              _____
                              Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BANDAG, INCORPORATED,
Plaintiff-Appellee,

v.

LOCAL 922, UNITED STEELWORKERS OF

No. 97-1106

AMERICA; UNITED STEELWORKERS OF
AMERICA, AFL-CIO LOCAL 6660,
AFL-CIO-CLC; CHARLES A.
ROYSTER,
Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-96-430-BR)

Argued: July 8, 1997

Decided: August 5, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
G. Ross ANDERSON, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Rudolph L. Milasich, Jr., Assistant General Counsel,
UNITED STEELWORKERS OF AMERICA, Pittsburgh, Pennsylva-

nia, for Appellants. Michael Coghlan Lord, MAUPIN, TAYLOR & ELLIS, P.A., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Robert A. Valois, Craig S. Nolan, MAUPIN, TAYLOR & ELLIS, P.A., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This appeal is from the district court's entry of summary judgment in favor of Bandag, Inc. (Bandag), vacating an arbitration award ordering reinstatement and awarding back pay to Charles A. Royster, a former employee of Bandag. Royster was discharged after he refused for a period of time to provide a urine sample for a drug test, in violation of Bandag's drug policy. The district court vacated the arbitration award, finding that the award failed to draw its essence from the collective bargaining agreement in effect between Bandag and the labor union representing Royster and other Bandag employees, Local 922, United Steelworkers of America. In vacating the award, the district court relied specifically on our decision in Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Internat'l Union, 76 F.3d 606 (4th Cir.), cert. denied , 117 S. Ct. 80 (1996), in which we recognized that a valid and proper policy promulgated by an employer pursuant to a collective bargaining agreement is enforceable even if the rule is not specifically incorporated by reference into the agreement. See id. at 610.

We have carefully examined the record, the briefs, the arguments of counsel, and the opinion of the district court. Like the district court, we agree that this case is controlled by our decision in Mountaineer Gas Company. We therefore affirm on the reasoning of the district court. See Bandag, Inc. v. Local 922, United Steelworkers of Am., No. CA-96-430-BR (E.D.N.C. 1996).

AFFIRMED

2